PER CURIAM: *

Plaintiff–Appellants Linda Kalmbach and Douglas Crewse appeal the district court's grant of Defendant–Appellee AT & T Broadband's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a)(1) on the issue of mental anguish damages for their claims of fraud and violations of the Texas Deceptive Trade Practice Act. Tex. Bus. & Comm.Code § 17.50(b)(1). The judgment of the district court is AFFIRMED.

Roland E Dahlin, II, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Rosa Maigualida Marana appeals her guilty-plea conviction and sentence for possession with intent to distribute heroine and importation of heroin. Marana argues that the district court clearly erred in refusing to grant her request for a two-level "minor role" reduction under U.S.S.G. § 3B1.2(b). She argues that the evidence showed that she was merely a courier and that a "recruiter" was responsible for her conduct.

The district court's refusal to grant Marana a two-level reduction for being a minor participant was not clearly erroneous. See United States v. Virgen–Moreno, 265 F.3d 276, 296 (5th Cir.2001). The large quantity of heroin that Marana was transporting strongly supports the denial of a reduction for being a minor participant. See United States v. Rojas, 868 F.2d 1409, 1409–10 (5th Cir.1989). Furthermore, the district court was not required to accept Marana's account of her role in the drug trafficking scheme. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir.1989). Lastly, this court has held that "couriers are an

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Rosa Maigualida MARANA,
Defendant–Appellant.**

**No. 04–20156.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 3, 2004.

James Lee Turner, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indispensable part of drug dealing networks." *Id.*

For the first time on appeal, Marana maintains that the sentencing schemes of 21 U.S.C. §§ 841 and 846 are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Marana concedes, her argument is foreclosed by this court's decision in *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.2000). She raises the issue only to preserve it for possible further review.

The judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcell D. DEAN, Defendant–**
**Appellant.**

No. 03–51432.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 3, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee.

H.W. Leverett, Jr., Midland, TX, for Defendant–Appellant.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM: *

Marcell D. Dean was convicted by a jury of threatening to murder a federal judge with the intent to retaliate against the judge on account of the performance of his official duties, a violation of 18 U.S.C. § 115. The district court determined that Dean was a career criminal for purposes of U.S.S.G. §§ 4B1.1 and 4B1.2. Dean was sentenced to a 100–month imprisonment term and a three-year term of supervised release.

Dean has filed a motion seeking to relieve the counsel appointed to represent him on appeal so that he can raise claims of ineffective assistance of appellate counsel on direct appeal. He has also filed a motion seeking the appointment of substitute counsel so that he can file a petition for a writ of habeas corpus challenging his state conviction for murder. Those motions are DENIED.

Dean appeals his sentence on the ground that the district court erred in finding him to be a career offender. Specifically, he argues that, because he was incarcerated in a Texas state prison at the time he made the threat, it was not a credible threat that posed a serious potential risk of physical harm to the judge.

Section 4B1.2 of the sentencing guidelines offers two disjunctive definitions of a "crime of violence." The district court did not err in finding that Dean's instant offense is a "crime of violence" for the pur-